CLAY COUNTY LAND AND CATTLE COMPANY v. ANGELINA COUNTY.

Decided March 21, 1900.

**Vendor and Vendee—Partial Failure of Title—Sale in Gross.**

Where a sale of land is in gross, for a round sum, the purchaser can not recover back a proportionate part of the purchase money on failure of title to a part, except upon allegations showing the deficiency to be so great as to raise a presumption of fraud.

APPEAL from Angelina. Tried below before Hon. TOM C. DAVIS.

*Galloway & Templeton* and *Mantooth & Townsend,* for appellant.

*E. B. Robb, Davis & O'Quinn,* and *S. P. Wilson,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellant instituted this suit against Angelina County to recover certain sums of money paid to said county for lands theretofore sold to it by appellant, the title to which it was alleged had failed. Appellant also sought to cancel certain purchase money notes given for the land, and sought an injunction to prevent the county from collecting the same.

The court below sustained a general demurrer to the plaintiff's petition as supplemented by a trial amendment, and that ruling is the only question presented for decision.

The plaintiff's petition and the exhibits attached thereto are too voluminous to justify their incorporation in this opinion. We have carefully examined them and considered the question involved in the appeal, together with the well prepared briefs submitted in behalf of each party, and have reached the conclusion that the case has been properly decided.

We adopt the following proposition contained in appellee's brief as embodying our view of the law applicable to the case:

"When part of a survey of four leagues of land recognized by the parties to be in conflict with older valid surveys has been sold by the owner, a sale by him of promissory notes representing the part previously sold, and of the remainder of the tract, described as 12,725 acres, more or less, for a round sum, is a sale in gross; and, although it afterward may be ascertained that there is a further conflict with such older valid surveys by which the purchaser loses part of the land pointed out and represented to him by the seller to be embraced within the boundaries of the remainder of the tract so sold, such purchaser can not recover of the seller for the land so lost, in the absence of an allegation in his petition that there is remaining, after deducting such loss, a less quantity of land than he bargained for, and in the absence of allegations showing that the deficiency is so great as to raise a presumption of fraud entering into the transaction; and this is so notwithstanding the parties at the time of the contract both supposed that the after ascertained

conflict did not exist, and contracted under a mutual mistake as to its existence." Weir v. McGee, 25 Texas Supp., 31; Daughtrey v. Knolle, 44 Texas, 456; Bellamy v. McCarthy, 75 Texas, 293; Blount v. Bleker, 35 S. W. Rep., 864; Hoxey v. Clay, 20 Texas, 586.

*Affirmed.*

Writ of error refused.