A. N. SCHUSTER ET AL. V. FARMERS AND MERCHANTS NATIONAL BANK.

Decided March 21, 1900.

1. **Fraudulent Conveyance—Intent.**

See opinion for facts under which the question of existence of a specific intent to defraud creditors by a conveyance of lands should have been submitted to the jury.

2. **Fraud—Constructive—Actual—Presumption.**

Where the court refused to submit the question of fraudulent intent or to treat a conveyance of lands as void for fraud, but held the conveyance, made by an insolvent, for less than market value, and in consideration of assumption of the grantor's debts by the grantee, to be equivalent to a mortgage, no presumption could be indulged that the court had found such deed to be fraudulent in fact.

3. **Partnership—Creditors—Lien.**

A partnership creditor, as such, has no lien, either legal or equitable, upon partnership assets, and the assumption and payment by one partner of partnership debts or debts owing by the other partner individually did not vest in him any right or lien superior to that of other creditors.

4. **Insolvent Debtor—Sale—Consideration—Constructive Mortgage.**

Where lands were conveyed by an insolvent to his partner in consideration of the assumption by the latter of partnership debts and individual debts of the former, and at much less than their market value, such sale would, as to creditors, be only constructively fraudulent (in the absence of specific intent to defraud, which would render the conveyance void), and it would be proper to treat the deeds as mortgages for the actual amount which constituted the consideration, and to permit creditors attaching and buying in the land to recover it on payment of such amount.

APPEAL from McLennan, Nineteenth District. Tried below before Hon. MARSHALL SURRATT.

The following are material portions of the answer of the jury to special issues, adopted by this court as findings of fact:

The firm of A. and A. N. Schuster was, on December 5, 1893, indebted to Mrs. Lucretia Schuster in the sum of $6720.

The deed of December 5, 1893, was executed by A. and A. N. Schuster to A. Judson Cole, as trustee for Mrs. Lucretia Schuster, and was received by her in payment and discharge of such debt.

The firm of A. and A. N. Schuster was, at that time, indebted to Mrs. Lucretia Schuster in the sum of $233.59 over and above said sum

of $6720, and to other parties so as to make the balance due by them over said sum of $6720 the sum of $2792.46.

The deed of December 5, 1893, from A. Schuster to A. N. Schuster was made in consideration of the assumption by A. N. Schuster of certain individual debts of A. Schuster, amounting to $15,891.68. (The verdict ascertained the several debts and their respective amounts.)

A. Schuster was actually so indebted and A. N. Schuster was bound as surety thereon.

The reasonable cash market value of the lands as described in plaintiff's petition was $2.50 per acre on December 5, 1893.

A. Schuster was not individually indebted to Mrs. Lucretia Schuster, on December 5, 1893.

*Bomar & Bomar,* for appellants A. N. Schuster & Co.—No sale made by a person to pay debts can be fraudulent as to creditors for the simple reason that the property conveyed is worth more than the debts which the property is conveyed to pay. Bump on Fraud. Conv., sec. 208; Wait on Fraud. Conv., sec. 232.

Where a creditor purchases land in payment of a debt due him by the seller, and the price he pays for the land is not as much as it is worth, and a creditor of the seller attacks said sale as fraudulent on the ground of inadequacy of consideration, then such purchaser should receive the purchase price back before the land can be taken away from him on the ground of fraud. Diamond Coal Co. v. Carter Dry Goods Co., 49 S. W., Rep., 439.

*F. H. Robertson* and *Jno. W. Davis,* for appellee Farmers and Merchants National Bank.—A husband, in failing circumstances, may make a valid conveyance of property to his wife in part satisfaction of a debt he owes her, but if value of property conveyed largely exceeds the consideration expressed in his deed, the deed is void as to other creditors, though a large indebtedness from husband to wife may remain unsatisfied, and the same rule applies between husband and wife as between any other person holding to each other the relation of debtor and creditor.

A partnership creditor has no specific lien, legal or equitable, on partnership assets; the partners, before dissolution, have the right as between themselves to have partnership debts paid out of partnership assets, unless by fraud or otherwise they have lost such right. Wiggins v. Blackshear, 86 Texas, 665; Weaver v. Ashcroft, 50 Texas, 427; Stansell v. Fleming, 81 Texas, 294; Willis v. Thompson, 85 Texas, 302.

The court in this case failed to submit the issue of fraudulent intent to the jury, which issue was made by the pleadings in this cause. After the verdict of the jury was rendered, it became proper under the law for the court to pass on the issue of fraudulent intent, which it had failed to submit to the jury; otherwise it would have been necessary for the court to grant new trial to plaintiff. This the court did not do.

Therefore, the conclusion is irresistible that the court itself found all facts necessary to support the judgment in favor of plaintiff.

If an insolvent debtor conveys his property with intent to hinder, delay, or defraud his creditors, and it should be found upon examination that he conveyed more property than was sufficient to pay the preferred debt, then if it should be held judicially that said conveyance was fraudulent, said preferred creditor would lose said property, if attached by unpreferred creditors, and would not be able to hold a sufficient amount of said property to pay his debt or to make his debt a charge upon said property, and the same is true if the grantor of such a conveyance be a partner of his grantee.

In view of the facts it is submitted:

1. That under the statutes, it was the duty of the court to pass upon the question of fraudulent intent.

2. When the court adjudged the lands to plaintiff, it did pass upon said questions of fraudulent intent.

3. The court having adjudged the land to plaintiff, must have found fraud to exist, and so finding, it was error to charge said lands in the hands of appellant bank with the partnership debts of August and A. N. Schuster.

4. If the evidence is sufficient to support the court in adjudging said land to appellant bank on the ground of fraud, then it was error to charge it with said partnership debts.

As to the duty of the court to pass upon fraudulent intent: Acts 25th Leg., first special session, p. 15; Armstrong v. Elliott, 49 S. W. Rep., 635.

On the question of fraud in transactions between partners, and attachment of firm assets by creditors of one partner: Weaver v. Ashcroft, 50 Texas, 427; White v. Parish, 20 Texas, 689; Lee v. Wilkins, 65 Texas, 296.

"Attachment in suit against two defendants, who also were partners, for individual debts of the two defendants, judgment foreclosing the attachment lien, purchaser at such sale takes title against subsequent attachment in suit by firm creditors, although sale for the individual debts might have been enjoined by the firm's creditors." Clark v. Gregory, 87 Texas, 189.

On question of sale by insolvent, to pay debt, holding that if said sale be for the sole purpose and only a sufficient amount of property taken, see Edwards v. Dickson, 66 Texas, 613; Black v. Vaughan, 70 Texas, 47; Oppenheimer v. Halff, 68 Texas, 409; Greenleve v. Blum, 59 Texas, 124; Harness Co. v. S. Co., 71 Texas, 418; Allen v. Carpenter, 66 Texas, 140; Davis v. Beason, 77 Texas, 604; Schneider v. Sansom, 62 Texas, 201.

On the question that there will be fraud, if the value of the property largely exceeded the debt, and that for such fraud the conveyance would be held void, see Torrey v. Cameron, 73 Texas, 583.

KEY, ASSOCIATE JUSTICE.—This suit was originally commenced by the Farmers and Merchants National Bank of Waco, against A. N. Schuster and his wife, Lucretia Schuster, A. Judson Cole and his wife, Luda Cole, Mrs. Florence King, August Schuster and D. T. Bomar.

The action is in substance trespass to try title to twenty-seven sections of land in Sterling County, though the plaintiff's petition goes further than the usual form in which that action is brought, and assails the title under which the defendants claim as fraudulent and void.

After the suit was filed, the defendant Bomar sold the land, as trustee, to W. T. Fenton and J. A. Graham, and they were made parties defendant by the second amended original petition.

August Schuster, A. N. Schuster, A. Judson Cole, D. T. Bomar, Mrs. Schuster, Mrs. Cole, and Mrs. King filed disclaimers as to all the land, and the rest of the defendants filed disclaimers as to a three-fourths undivided interest in six sections of the land; and judgment was rendered for the plaintiff in accordance with the disclaimers. This part of the judgment is not complained of and will be affirmed. As to the rest of the land, the contest was and is between the bank on one side and Fenton and Graham on the other.

The case was submitted to the jury upon special issues, and after a verdict was returned, a decree was rendered adjudging the bank to own and recover an undivided three-fourths interest in the land, upon condition that it pay into the registry of the court, within ninety days from the date of the decree, the sum of $9964.62, for the defendants Fenton and Graham. Both sides have appealed, but by agreement only one transcript has been filed.

August Schuster is common source of title, the testimony showing that prior to and on December 5, 1893, he and A. N. Schuster owned the 27 sections of land in partnership, the former owning a three-fourths and the latter a one-fourth interest. December 5, 1893, August Schuster executed his deed, reciting a cash consideration of $15,891, and conveying 21 sections of the land to A. N. Schuster; and on the same day August Schuster and A. N. Schuster executed a deed, reciting a cash consideration of $6720, and conveying the other six sections to A. Judson Cole, as trustee for Mrs. Lucretia Schuster, and the defendants Fenton and Graham derive their title through mesne conveyances from them.

The plaintiff bank asserts title under an execution sale against August Schuster. This sale was made June 4, 1895, and was by virtue of an order of sale issued upon a judgment of date May 4, 1895, foreclosing an attachment lien on the land. The attachment was levied February 28, 1894.

From this it will be seen that the defendants have the older title and must hold the land, unless equitable reasons are shown for setting it aside. This the bank attempted to do by offering testimony tending to show that the deeds executed by August Schuster and by him and

A. N. Schuster, of date of December 5, 1893, were made with the intent and for the purpose of defrauding the bank and other creditors.

The trial court submitted to the jury, among other issues, the bona fides of an alleged debt owing by the firm of August and A. N. Schuster to Mrs. Lucretia Schuster, and claimed by the defendants to be the consideration for the deed executed to Cole, as trustee for Mrs. Schuster, and whether or not, as a consideration for the other deed, A. N. Schuster assumed the payment of certain other alleged firm indebtedness; and also required the jury to make a specific finding as to the value of the land on December 5, 1893.

On the first and second of these issues the jury found in favor of the defendants, and on the third they found the value of the land to be $2.50 per acre. The undisputed testimony shows that in the negotiations between August Schuster and A. N. Schuster, which resulted in the execution of the two deeds of date December 5, 1893, the lands were valued at $1.75 per acre.

The court did not submit to the jury the specific question of intent to defraud creditors in the execution of the deeds referred to, although the bank tendered a special charge submitting that issue; and we have reached the conclusion that the bank's assignment of error complaining of the refusal of this instruction is well taken. We have considered all the other questions presented in the briefs, but this is the only ground for reversal. However, we are unable to concur with counsel for the bank in the proposition that this court should reverse and render judgment for it for the land, free from any charge in behalf of Fenton and Graham. The record does not show, and, under all the circumstances, we do not think the presumption should be indulged, that the court found as a fact that the deeds referred to were executed with intent to defraud creditors. But we agree with the bank that a partnership creditor, as such, has no lien, either legal or equitable, upon partnership assets, and that the assumption and payment by A. N. Schuster of partnership debts, or debts owing by August Schuster individually, did not vest in him any right or lien, superior to that of other creditors. Wiggins v. Blackshear, 86 Texas, 665. We therefore hold that if the deeds referred to were executed with intent to defraud the bank or other creditors, and A. N. Schuster and his wife participated in such fraudulent purpose, the deed should be declared null and void, and the bank recover the land free from any charge whatever. But if there was no intent to defraud creditors, and August Schuster was insolvent, and the lands were sold by the deeds of December 5, 1893, for a consideration much less than their market value at that time, then the sales referred to would, as to creditors, be only constructively fraudulent, and it would be proper to treat the deeds as mortgages for the actual amount which constituted the consideration. Leqve v. Stoppel, 66 N. W. Rep., 208; Diamond Coal Co. v. Carter Dry Goods Co., 49 S. W. Rep., 438.

As between the plaintiff bank and the defendants Fenton and Graham,

the judgment will be reversed and the cause remanded. As between the plaintiff and the other defendants, the judgment will be affirmed.

The costs of the appeal will be taxed against the defendants Fenton and Graham.

Opinion filed January 10, 1900.

### OPINION ON MOTION FOR REHEARING.

KEY, ASSOCIATE JUSTICE.—In this case both parties have filed motions for rehearing. The appellee bank abandons its cross-assignment of error, which was sustained in our former opinion as presenting the only ground for disturbing the judgment. With this assignment abandoned, no reason for reversal exists, unless error was committed in deciding the other points presented by the respective parties.

We have reconsidered the various questions presented by the respective motions, and find no reason to change the rulings heretofore made.

On account of appellee's abandonment of the assignment referred to, the judgment heretofore rendered by this court will be set aside and the judgment of the District Court will be affirmed.

*Affirmed.*

Opinion filed March 21, 1900.

KEY, ASSOCIATE JUSTICE.—We have considered the questions presented in appellees' motion for rehearing filed March 27, 1900, and conclude that it should be overruled. Complying with the request that this court file findings of fact, we adopt the answer of the jury to the special issues as such findings.

Opinion filed April 4, 1900.

Applications for writ of error by both appellants and appellee were refused.