STERN, LAUER SHOHL & CO. v. MOLLIE MARX ET AL.

Decided April 4, 1900.

**Limitation—Fraudulent Conveyance.**

Adverse possession by the grantee will bar an action by the creditor of a fraudulent grantor to recover, in trespass to try title, land attached, sold, and bought in under its judgment against such grantor, where three years elapsed between the recovery of judgment and the suit for the land, but not between the sale under such judgment and the suit for recovery.

APPEAL from McLennan, Nineteenth District. Tried below before Hon. MARSHALL SURRATT.

*H. C. Lindsey* and *John W. Davis,* for appellants. The cause of action did not accrue to plaintiffs until they obtained the sheriff's deed to said land, or at least until the sheriff's sale thereof. Compton v. Perry, 23 Texas, 423; Martel v. Somers, 26 Texas, 551; Reynolds v. Landsford, 16 Texas, 287; 2 Freem. on Ex., sec. 333; Jefferson v. Wendt, 51 Cal., 575; Beach v. Catlin, 4 Am. Dec., 221; Brundage v. Cheneworth, 101 Iowa, 256; Brown v. Campbell, 100 Cal., 635; Gates v. Andrews, 37 N. B., 658; Weaver v. Haviland, 142 N. Y., 534; Bump on Fraud. Conv., secs. 530, 531, 535, 536, 543.

*L. W. Campbell,* for appellees.

FISHER, CHIEF JUSTICE.—The nature and result of the suit is correctly stated in appellant's brief, which is as follows:

"This was an action of trespass to try title, by appellants as plaintiffs against appellees as defendants. The defendants answered by general demurrer, general denial, and plea of not guilty, and also the statute of limitations of three years and four years. They further answered that, while the action was one in the form of trespass to try title, it was in truth and in fact one to determine a certain deed made by S. Marx to defendant Mollie Marx, as fraudulent and void.

"The court gave a peremptory charge to the jury to return a verdict in favor of defendants, and there was accordingly a verdict and judgment thereon in favor of defendants. Plaintiffs appeal and bring the case to this court as an agreed case."

The agreed facts are as follows: "That on the third day of November, 1892, plaintiffs brought their suit on a debt against S. Marx in the

District Court of McLennan County, Texas, Nineteenth Judicial District, in which suit a writ of attachment issued on the said 3d day of November, 1892, to McLennan County, and was levied on the same day on the land herein sued for as the property of said S. Marx.

"That on June 13, 1893, plaintiffs recovered a judgment in said cause against said S. Marx for the sum of $940.11 and costs of suit, together with the foreclosure of the attachment lien on said land, with order of sale.

"That on February 12, 1894, an order of sale on said judgment issued, directed to the sheriff or any constable of McLennan County, to sell said property in satisfaction of said judgment and make any deficiency out of the property of said S. Marx.

"That, after due and regular advertisement of said property by said sheriff, he sold the same on the first Tuesday in March, 1894, being March 6, 1894, at public outcry, in front of the courthouse door of McLennan County, Texas, and plaintiffs became the purchasers thereof, and the sheriff immediately executed and delivered to plaintiffs a deed to said property, which is dated the 10th day of March, 1894, which sale and deed were in all things regular and showed that the sale of said land was duly and regularly made by said sheriff, as the property of said S. Marx, and that plaintiffs were the purchasers thereof, and that they had paid the purchase price therefor.

"That said S. Marx executed and delivered to his daughter, Mrs. Lowenthal, then Mollie Marx, a deed to said property dated the 22d day of October, 1892, which deed was filed for record on the 2d day of November, 1892, in the county clerk's office of McLennan County, and which was afterwards duly recorded.

"That Mrs. Lowenthal went into actual, open and exclusive possession of the premises sued for on the date of the deed to her, and by tenants has held such possession ever since.

"That the evidence on the part of the plaintiffs before the jury tended to show that the said deed from S. Marx to said Mollie Marx, now Mrs. Lowenthal, was made and accepted with the knowledge and intent on the part of both the grantor and grantee to hinder, delay, and defraud the creditors of said S. Marx, and that the evidence was such that it would have been the duty of the trial judge to have submitted this case to the jury for its determination, if he had not concluded that it was his duty to decide, as a question of law, that the statute of limitation barred plaintiffs' recovery."

The court instructed the jury to return a verdict for appellees on the ground that plaintiffs' cause of action was barred by limitation.

We think the court was correct in the conclusion reached. Although the deed from S. Marx to his daughter, Mollie Marx, may have been fraudulent as to creditors of the former, it was a binding and valid conveyance as between the parties to the instrument. When Mollie Marx went into possession under this deed, limitation would commence to run against all who at that time had a cause of action, either to set aside

or cancel the conveyance, or who may have been entitled to an action to recover the land. The action here is in form of one in trespass to try title, and if it could be admitted that the appellants could not have instituted an action to recover the land until they had asserted their demand against S. Marx and reduced it to a condition to be enforced, still we are of the opinion that they are barred by the three years statute of limitation.

It is in effect held in Reynolds v. Lansford, 16 Texas, 291; Compton v. Perry, 23 Texas, 423; and Martel v. Somers, 26 Texas, 561, that limitation would commence to run against the creditor from the time that he obtained judgment on his demand; presumably upon the theory that from that time he is in a condition to enforce his claim by having issued an execution subjecting the property of his debtor to the judgment.

This suit was instituted on December 12, 1896. Judgment in favor of appellants against S. Marx was rendered on the 13th of June, 1893. The deed from S. Marx to Mollie Marx was executed the 22d of October, 1892, at which time, according to the facts as agreed upon, she went into actual possession of the property in controversy. If limitation was suspended until appellants recovered the judgment against S. Marx, more than three years elapsed prior to the institution of this suit. Therefore, we think that so far as the operation of time is concerned, under the three years statute, the appellants are barred in their action.

As to whether or not the three years statute applies in a case of this character, reference is made to the case of Evans Co. v. Guipel, 35 Southwestern Reporter, 940. There it is held that as the deed was a valid conveyance between the parties, adverse possession by the grantee under the three years statute of limitation would bar an action by the creditor of the fraudulent grantor; and, resting the decision in this case upon the one cited, we affirm the judgment of the trial court.

*Affirmed.*

Writ of error refused.