HAWKINS v. WESTERN NAT. BANK OF HEREFORD.

(Court of Civil Appeals of Texas. Amarillo. Feb. 10, 1912. On Rehearing, April 6, 1912.)

1. EVIDENCE (§ 353*)—ADMISSIBILITY.

Where, in an action for conversion, the evidence showed that defendant and another had owned the property, and had sold it to a firm as evidenced by an unrecorded bill of sale, retaining a lien for the price and that a partner, sold his interest in the firm by bill of sale which recited that the copartner and third persons purchasing the interest would pay defendant; and which retained a second lien for the unpaid price due to the partner, which instrument was filed for record, the instrument was admissible in evidence as against the objection of the bank.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1404–1431; Dec. Dig. § 353.*]

2. CHATTEL MORTGAGES (§ 153*)—VALIDITY— CHANGE OF POSSESSION—RECORDING OF INSTRUMENT.

Under Sayles' Ann. Civ. St. 1897, art. 3328, providing that every chattel mortgage which shall not be accompanied by an immediate delivery of the property shall be void as against subsequent purchasers, unless filed for record, a chattel mortgage not recorded, unaccompanied by any change of possession of the mortgaged chattels from the mortgagor to the mortgagee, is void as to a bona fide purchaser from the mortgagor without notice of the mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 255–262, 267, 268; Dec. Dig. § 153.*]

3. CHATTEL MORTGAGES (§ 153*)—VALIDITY— CHANGE OF POSSESSION—RECORDING OF INSTRUMENT.

A purchaser from a bona fide purchaser without notice of an unrecorded chattel mortgage unaccompanied by any change of possession acquires title as against the mortgagee, though he has constructive notice of the mortgage at the date of his purchase.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 255–262, 267, 268; Dec. Dig. § 153.*]

4. TRIAL (§ 253*)—INSTRUCTIONS—DISREGARDING EVIDENCE.

In the absence of circumstances impeaching uncontradicted evidence, the court may not arbitrarily disregard it, and peremptorily charge the jury to find against it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

5. PARTNERSHIP (§ 159*)—ACTS OF PARTNERS —NOTICE TO COPARTNERS.

Where a partner borrowed money and executed a note and mortgage securing it in the firm name without the knowledge of the copartner, and the partner on a sale of his interest in the firm fraudulently concealed the transaction, the knowledge of the partner was

not notice to the copartner and third persons purchasing the partner's interest.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 293–295; Dec. Dig. § 159.*]

On Rehearing.

6. PARTNERSHIP (§ 183*) — DISSOLUTION OF FIRM—QUASI LIEN OF CREDITORS.

Where a partner conveys his interest in the firm property to his copartner, thereby dissolving the firm, without in any manner reserving the quasi lien of the firm creditors, the quasi lien is lost.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 319–336, 348; Dec. Dig. § 183.*]

7. PARTNERSHIP (§ 178*)—LIEN OF FIRM CREDITORS.

Simple firm creditors have no specific lien, either legal or equitable, on the firm property.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 310–313, 319; Dec. Dig. § 178.*]

8. PARTNERSHIP (§ 183*) — VALIDITY—RIGHTS OF PURCHASERS OF MORTGAGES.

Where a chattel mortgagee of a firm did not record his mortgage prior to the purchase by third persons of the entire firm business, he was but a simple firm creditor.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 319–336, 348; Dec. Dig. § 183.*]

9. PARTNERSHIP (§ 183*)—SALE OF FIRM PROPERTY—VALIDITY.

A firm while a going concern may transfer its property to an honest purchaser for value, and a valid sale of the firm property to one or more of the partners, or to a new firm in which some of the firm partners are members, puts an end to the old firm title, and destroys the lien of the partners thereon, as well as the preference of the old firm creditors thereunder, over the individual creditors of the purchasing partner.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 319–336, 348; Dec. Dig. § 183.*]

10. APPEAL AND ERROR (§ 181*) — QUESTIONS REVIEWABLE — QUESTIONS NOT RAISED IN TRIAL COURT.

An objection insisted on in the motion for rehearing, but not urged in the trial court, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1141–1160; Dec. Dig. § 181.*]

Appeal from Deaf Smith County Court; C. D. Wright, Judge.

Action by the Western National Bank of Hereford against H. H. Hawkins. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Barcus & North, of Hereford, for appellant. Knight & Slaton, of Hereford, for appellee.

HALL, J. Appellee instituted this suit in the county court of Deaf Smith county against appellant for the recovery of damages growing out of the alleged conversion of certain plumbers' and tinners' tools. The court peremptorily instructed the jury to find for appellee.

[1] The facts, briefly stated, are: That appellant and one Woods owned the tools in question, and on the 1st day of May, by a bill of sale, transferred the tools and the entire business to the Hereford Sheet Metal & Plumbing Works, which it seems was a firm composed of A. A. Jones and J. A. Weatherly. This instrument contained this recital: "Hawkins & Woods retain a lien on all tools until the three notes are paid, then we agree to release same." The instrument was never registered. Only one of the notes referred to was ever paid in cash. On the 2d day of August, thereafter, J. A. Weatherly, A. A. Jones, H. F. McCulley, and J. M. Clancy entered into a contract, whereby J. A. Weatherly conveyed to the other named parties his interest in the business, and under the terms of which A. A. Jones, H. F. McCulley, and J. M. Clancy each owned an undivided one-third interest in the business. As part consideration named in said contract, Jones, McCulley, and Clancy assumed to pay appellant all the indebtedness due him evidenced by the notes above mentioned. In this instrument Jones retained a second lien, subject to the lien held by Hawkins, to secure him in the sum of $650, due him from McCulley and Clancy for his interest in the business. This instrument was acknowledged by Weatherly, Clancy, McCulley, and Jones, and was filed for record on August 19, 1909, with the county clerk of Deaf Smith county, and recorded in the records of contracts and mechanics' liens of said county on the same day. When it was offered in evidence, it was excluded by the court upon objections made by appellee bank. It should have been admitted. Cleveland v. Empire Mills, 6 Tex. Civ. App. 479, 25 S. W. 1055.

[2] On July 9, 1909, A. A. Jones executed to appellee bank his note for $250, payable 90 days after date, with 10 per cent. interest from maturity, and providing for 10 per cent. attorney's fees. The note is signed, "Hereford Sheet Metal & Plumbing Works," followed by the signature of A. A. Jones, N. C. Vogali, and J. M. Boon; the latter two signing as sureties. The statement of facts shows that the name of Jones was written on the first printed line for signatures, and the name of "Hereford Sheet Metal & Plumbing Works" written above the name of Jones, a part of the writing overlapping some of the printed words of the note. This note was admitted in evidence, and with it a chattel mortgage purporting to describe the above note, which it was given to secure, creating a lien upon the tools and machinery of the Hereford Sheet Metal & Plumbing Works, and is signed "Hereford S. M. & P. Works, and A. A. Jones," dated July 10, 1909, duly acknowledged, but was not filed for record with the county clerk until August 21, 1909, at 10 o'clock a. m. The uncontradicted testimony shows that on August 20, 1909, A. A. Jones sold out his entire interest in the business to his partners J. A. Clancy and H. F. McCulley, that neither Clancy nor McCulley had any notice of the existence

of appellee's debt and mortgage to appellee until after they had bought the interest of Jones; and it is further uncontradicted that Weatherly had no notice of the execution or the existence of appellee's debt against Jones and the mortgage above described. The uncontradicted testimony shows that on August 2, 1909, when Weatherly sold his interest to Jones, McCulley, and Clancy, and while John C. North, an attorney, was preparing the bill of sale and contract, Clancy and McCulley asked Weatherly and Jones for a statement of the debts of the concern, and Weatherly said he did not know but that Jones could give a list, that Jones did get up a list of the debts, and that appellee's debt was not included therein. It further appears from the record that, as soon as the appellee filed its mortgage, the business of the firm required a disposition of the assets, and that they were turned over to G. W. Barcus by McCulley and Clancy, to be handled by him as trustee for benefit of the firm creditors, as shown by said list furnished by Jones. About the middle of September, 1909, Barcus sold the property described in plaintiff's petition to appellant Hawkins, and as payment for same Hawkins surrendered the two notes which had originally been given him by Weatherly and Jones as part of the purchase price of the tools, and the notes were marked, "Paid." The case is before this court upon numerous assignments of error which it will not be necessary to consider in detail. Article 3328, Sayles' Civil Statutes, provides that every chattel mortgage which shall not be accompanied by an immediate delivery of the property, and be followed by actual and continued change of the possession of the property mortgaged, shall be absolutely void as against subsequent purchasers in good faith of the property from the mortgagor, unless such instrument, or a true copy thereof, shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated. The appellee's mortgage was executed July 9th, and was not filed until August the 21st following. There was no change of possession of the mortgaged property from the mortgagor to the mortgagee.

In our opinion, the above facts are sufficient to show that McCulley and Clancy were bona fide purchasers of the property, and that they obtained the title free of appellee's unrecorded mortgage.

[3] Appellant, having bought the property from their trustee, acquired title to the same as against the bank, even though he had constructive notice of the mortgage at the date of his purchase in September, since he was a purchaser from bona fide purchasers. Sanger v. Thomasson, 44 S. W. 408; Bergen v. Producers' M. Co., 72 Tex. 53, 11 S. W. 1027.

[4] There being no circumstances connected with the uncontradicted evidence which tended to impeach it, the trial court had no right to arbitrarily disregard it and peremptorily instruct the jury to find against it.

[5] Appellee insists because Jones was the partner of McCulley and Clancy that his knowledge of the appellee's note and mortgage was notice to the firm. The general rule is that notice to an active partner of any matter relating to the partnership affairs is notice to the firm, but by reason of the fraudulent concealment and misrepresentation of Jones on August 2d, with reference to the debts against the business, the rule does not apply. Liddell v. Crain, 53 Tex. 549. The record shows that Jones had borrowed the money and executed the note to appellee and the mortgage to secure it, without the knowledge or consent of Weatherly. Under the authority of Huey v. Fish, 15 Tex. Civ. App. 455, 40 S. W. 29, and Randall v. Merideth, 76 Tex. 669, 13 S. W. 576, we are inclined to the opinion that the partnership was a nontrading one, and as such Jones had no authority to execute the note and mortgage without the consent of Weatherly, his partner.

Since from the statement of facts we are not clear upon this point, we do not base the decision of the case upon it.

The judgment is reversed and rendered for appellant.

## On Rehearing.

In its motion for rehearing appellee insists that this court erred in holding that McCulley and Clancy were innocent purchasers from Weatherly and Jones of an interest in the partnership of the Hereford Sheet Metal & Plumbing Works, and submits these propositions: "Where one buys an interest in a partnership or buys out the interest of a former partner, no interest is acquired by the purchaser, except such as would exist after the payment of all the partnership debts." "Creditors of a partnership have a right to have the partnership property applied to the payment of partnership debts before it is distributed among the several partners." In the first place, McCulley and Clancy did not buy an interest in the partnership of Jones and Weatherly, but they bought the entire business, including the tools described in the mortgage. In the second place, appellee seems to have lost sight of the nature of the case which we decided. This is not a suit against members of a partnership, either solvent or insolvent, seeking to set aside a fraudulent conveyance, and through the partners themselves asking for the enforcement of the quasi lien which each partner has upon the assets for the payment of firm debts before the assets are applied to the payment of individual creditors. This is a suit for conversion of property upon which the appellee bank claims to have had a mortgage. This is the case clearly made out by the plaintiff's petition. The evidence was confined to the issues arising under the allegations.

[6] When a partner conveys his interest in the firm property to his copartner, thereby dissolving the partnership without in any manner preserving the quasi lien of the firm creditors, such quasi lien is lost. Willis et al. v. Satterfield et al., 85 Tex. 301, 20 S. W. 155; Willis v. Heath (Sup.) 18 S. W. 801; White v. Parish, 20 Tex. 689, 73 Am. Dec. 204. Prior to the time appellee's mortgage was registered, Weatherly had sold his interest in the firm business to Jones, McCulley and Clancy, and on the 19th day of August Jones sold his interest to McCulley and Clancy, and in so doing a new firm existed, which had acquired all the assets of the old firm without any knowledge of appellee's debt, and without having assumed to pay any debt except that in extinguishment of which appellant acquired the property for the conversion of which he is being sued. It is held that a partnership creditor, as such, has no lien, either legal or equitable, upon partnership assets. Schuster et al. v. F. & M. Bank, 23 Tex. Civ. App. 206, 54 S. W. 777, 55 S. W. 1121, 56 S. W. 93. Neither member of the old firm is a party to this suit, and this quasi lien, upon which appellee has predicated its motion for rehearing, would not support an action for conversion. The rights of partnership creditors to have partnership property subjected to the payment of their debts has been productive of much litigation, and while this right is not doubted, under favorable circumstances, to contend that they have a lien upon the property which gives them the same interest in the property as if a specific lien existed thereon, and the same remedies to enforce it, is not supported by the authorities.

[7] On the contrary, it is well settled by the great weight of authority that simple partnership creditors have no specific lien, either legal or equitable, upon the partnership property. Stansell v. Fleming, 81 Tex. 294, 16 S. W. 1033; Wiggins v. Blackshear, 86 Tex. 665, 26 S. W. 939; Johnston v. Shoe Co., 5 Tex. Civ. App. 398, 24 S. W. 580; Waples-Platter Co. v. Mitchell, 12 Tex. Civ. App. 90, 35 S. W. 200.

[8] Not having recorded its chattel mortgage prior to the complete acquisition of the property by McCulley and Clancy, appellee was a simple partnership creditor and subject to all the infirmities and disabilities attending that position. Parsons on Contracts, § 246, holds that creditors of a firm have an equitable preference or right which courts of equity will enforce, but the right to enforce this preference must arise through the partners themselves, and in a case where the partners are parties to the controversy. Jones on Liens, § 788. Waples-Platter Company v. Mitchell, supra, holds: "If the partnership property passes into the custody of the court for administration at the instance of one of the partners, as in cases of bankruptcy or assignment, made by an insolvent firm, then the courts will administer it as was the right of the several partners to have it administered while controlled by themselves. In such cases the court's action is based as fully upon the rights of the partners, as between themselves, as upon the rights of the creditors.

[9] So long as a partnership is an acting concern, it is entitled to transfer its property, and such a transfer to an honest purchaser for value is not impeachable. It cannot be successfully contended that McCulley and Clancy did not pay value for the business which they purchased from Jones and Weatherly, and nowhere in this record does it appear that a transfer was made for any fraudulent purpose. The rule is stated in 30 Cyc. p. 545: "A valid sale of the partnership property by the firm to one or more of its members, or to a new firm, in which some of the firm partners are members, puts an end to the old partnership title and destroys the lien of the partners thereon, as well as the preference of the old partnership creditors therein over the individual creditors of the purchasing partner." And the case of Willis v. Thompson, 85 Tex. 301, 20 S. W. 155, is correctly cited as one of the many authorities sustaining the rule. It will thus be seen that the authorities cited by appellee are not applicable to this case.

[10] Appellee also contends that we committed an error in holding that the trial court should have permitted the introduction in evidence of the record of Jones' second lien. Reference to appellee's brief shows that the objection insisted upon in the motion for rehearing was not the objection urged in the trial court, and we cannot consider it here now.

Nor do we think that there was error in holding that notice to Jones was not notice to McCulley and Clancy, and we adhere to that part of the original opinion. 30 Cyc. 530, 531; 22 Am. & Eng. Encyc. of Law (2d Ed.) 139, 140; Bates on Partnership, § 391.

We have not held, and do not hold, that the bank's debt is unenforceable against Jones and Weatherly, who constituted the firm at the time the note was executed, because we think its rights as against them as original partners is unimpaired, and, if their mortgage had been duly registered, they would have been in position to have maintained this suit against appellant for conversion. Said mortgage not having been registered by express provision of the statute is void as to McCulley and Clancy and to their vendee, appellant herein, and they do not occupy any such position with reference to the property or to appellant that would authorize them to maintain a suit for conversion.

The motion for rehearing will therefore be overruled.