**FIRST NAT. BANK OF ELDORADO v. DOUGLAS et al. (No. 7218.)**

Court of Civil Appeals of Texas. Austin. May 2, 1928.

Rehearing Denied May 23, 1928. On Motion to Reform Judgment May 29, 1928.

1. Judgment ⟨key⟩585(2)—Judgment establishing indebtedness against estate on note held res judicata in subsequent suit involving same indebtedness against estate.

Where indebtedness sought to be established against estate of deceased as evidenced by note was previously established against estate by judgment in court of competent jurisdiction in suit against administratrix of estate, former judgment was res judicata as to such indebtedness.

2. Limitation of actions ⟨key⟩19(1)—Three years' limitations for suit to recover realty held inapplicable to suit to subject intestate's property to payment of debts (Rev. St. 1925, arts. 3314, 5507, 5508).

Three years' statute of limitations provided for by Rev. St. 1925, arts. 5507, 5508, barring suit to recover real estate, held not applicable to suit, under article 3314, to subject property of intestate in hands of his executrix to payment of his debts.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Limitation of actions ⬥19(1)—Only limitation applicable to suit to subject intestate's property to his debts is limitation against indebtedness (Rev. St. 1925, art. 3314).**

In suit under Rev. St. 1925, art. 3314, to subject property of intestate in hands of executrix to payment of his debts, only limitation applicable is limitation against indebtedness itself or against remedy for its collection.

**4. Executors and administrators ⬥75, 130(1)—Heirs have no right to possession of intestate's property after appointment of administrator who holds property in trust (Rev. St. 1925, art. 3314).**

Under Rev. St. 1925, art. 3314, heirs have no right of possession of intestate's property after administrator has been appointed, but administrator holds property in trust to be disposed of according to law.

**5. Limitation of actions ⬥19(1)—Suit to subject intestate's property to his debts held unaffected by limitations of possession by administrator or heirs if creditor's remedy for collecting debt is not lost (Rev. St. 1925, art. 3314).**

Suit under Rev. St. 1925, art. 3314, to subject property of intestate in hands of administrator or heirs to payment of intestate's debts, held unaffected by limitations of possession by administrator or heirs so long as debts of intestate remain unsatisfied, and creditor's remedy for their collection is not lost under some applicable statute of limitations or by his laches.

**6. Limitation of actions ⬥25(3)—Suit on note within four years after due held not barred by limitations.**

Where indebtedness in suit to subject testator's property to payment of his debts was evidenced by note due July 20, 1923, and suit was filed May 4, 1926, and amended petition filed March 11, 1927, note was not barred by four years' statute of limitations, and judgment thereon entered November 16, 1926, was not barred by any statute of limitations applicable thereto, nor had it become dormant, but was valid subsisting judgment against estate of deceased.

**7. Limitation of actions ⬥37(4)—Suit to declare fraudulent conveyances by deceased void against creditors held not barred by three, four, or five years' limitations (Rev. St. 1925, arts. 3996, 5509).**

Portion of suit to subject property of intestate in hands of administrator or heirs to payment of intestate's debts, seeking to declare conveyances by intestate to be fraudulent and void, as against creditors, held not barred by three, four, or five years' statute of limitations, under Rev. St. 1925, art. 5509, in view of article 3996, declaring conveyances in fraud of creditors to be absolutely void.

**8. Limitation of actions ⬥65(2)—Suit to levy on property conveyed in fraud of creditors is not one to recover land, and limitation does not commence against creditor until he obtains judgment.**

Suit by creditor to establish right to issue and levy execution on property fraudulently conveyed by debtor and in possession of fraudulent grantees is not suit to set aside fraudulent deeds, nor to recover lands, and is not subject to three years' statute of limitations, but limitations in such suit does not begin to run until creditor obtains judgment on his demand.

**9. Limitation of actions ⬥127(2)—Limitations held inapplicable, where amended petition stated same cause of action as original petition filed within required period (Rev. St. 1925, art. 5509).**

Where petition to subject land of intestate to payment of his debts and to levy execution on property conveyed in fraud of creditors showed plaintiff had constructive notice of filing of fraudulent deeds on May 5 and July 10, 1921, and that suit was filed May 4, 1926, five years' statute of limitations provided by Rev. St. 1925, art. 5509, was not applicable as matter of fact, where same cause of action on same indebtedness was asserted both in orginal petition and in amended original petition filed March 11, 1927.

### On Motion to Reform Judgment.

**10. Fraudulent conveyances ⬥74(3)—Lands if conveyed by gift in fraud of creditors are subject, in hands of heirs, representatives, or fraudulent grantees, to payment of grantor's indebtedness.**

If lands conveyed by gift deeds were conveyed in fraud of grantor's creditors, such lands are subject, in hands of either heirs, representatives, or fraudulent grantees, to payment of original owner's debts, and may be foreclosed under statutory lien for payment of indebtedness.

**11. Fraudulent conveyances ⬥172(1), 318, 319, 324—Conveyance in fraud of creditors is not void between parties and proceeds are applicable first to cost of suit and indebtedness and remainder to fraudulent grantees.**

Conveyances by gift deeds in fraud of creditors are not void as between parties to deed, and hence decree directing sale of lands to satisfy grantor's debts should provide for application of sales price first to payment of costs of suit and indebtedness sued on and remainder, if any, to be paid to fraudulent grantees.

**12. Pleading ⬥376—Plaintiff was not required to prove debt was owed by estate of deceased where admittedly owed by deceased.**

Where defendants admitted by demurrer sustained by trial court that debt in suit had been established by court of competent jurisdiction as debt owing by deceased, plaintiff was not required to make further proof to establish again indebtedness as one owing by estate of deceased.

Appeal from District Court, Schleicher County; J. F. Sutton, Judge.

Action by the First National Bank of Eldorado against Frank Douglas and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded for trial on merits.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

J. A. Thomas and Lloyd Kerr, both of San Angelo, for appellant.

BLAIR, J. On May 4, 1926, appellant sued Ella D. Douglas, individually and as administratrix of the estate of her deceased husband, W. H. Douglas, and also his heirs and certain grantees, seeking under article 3314, Revised Statutes 1925, to subject and to establish and foreclose a statutory lien on certain lands in payment of an indebtedness owing by W. H. Douglas to appellant. The petition alleged in substance that on July 20, 1922, W. H. Douglas executed and delivered to it his note for $4,351, bearing 10 per cent. interest, given for and in renewal of an indebtedness of more than three years' standing, and that the note was due and unpaid. It was further alleged that W. H. Douglas died intestate January 21, 1925, leaving surviving his widow, Ella D. Douglas, who was duly appointed and qualified as administratrix of his estate, and one child, Frank Douglas; that Nora Douglas was the wife of the said Frank Douglas, and of this marriage three children, Allen, Bill, and Ruby, were born, the last two being minors; that on November 8, 1920, and subsequent to the date he became indebted to appellant, W. H. Douglas and his wife, Ella D. Douglas, being then insolvent, without consideration and by a deed of gift, conveyed certain lands to Frank and Nora Douglas for life, with remainder to their three above-named children in fee, the deed being filed for record May 5, 1921; that by a deed of gift, filed for record July 10, 1921, W. H. Douglas and his wife, Ella D. Douglas, being still insolvent, conveyed to their three above-named grandchildren other lands; that the deeds of gift were executed for the purpose of hindering, delaying, and defrauding the grantors' creditors, including appellant, and as to appellant were void; that for the purposes of this suit the lands should be considered as belonging to the community estate of W. H. Douglas, deceased, and his surviving wife, Ella D. Douglas; and that Frank Douglas should be considered the heir of the community interest of his deceased father. By an amended original petition, filed March 11, 1927, appellant alleged the same facts as were alleged in its original petition, but in addition thereto alleged that the said administratrix refused to allow the note as a claim or indebtedness against the estate of W. H. Douglas, deceased, whereupon appellant sued her as administratrix in a separate proceeding from this, and on November 16, 1926, obtained a judgment establishing as against the said estate its claim or indebtedness as evidenced by the note. The deeds of gift and a certified copy of the judgment obtained against the administratrix November 16, 1926, were attached to and made a part of appellant's petition by reference. Appellant prayed for judgment establishing its debt against the estate of W. H. Douglas deceased; also to subject and to establish and foreclose a statutory lien under article 3314, Revised Statutes 1925, on the lands described in the gift deeds in satisfaction and payment of its indebtedness in accordance with law; and also for judgment directing sale of the lands in suit, under execution issued on its judgment of November 16, 1926, with writ of possession to purchaser thereunder. The Douglases above named were made parties defendant and answered jointly; the minors being represented by an attorney ad litem. Their following general exceptions to appellant's petition were sustained by the trial court, and the cause dismissed upon appellant's refusal to amend:

"(1) To that portion of said petition which seeks to establish a debt owed by W. H. Douglas, deceased, for the reason that said petition shows that said debt has been established by a court of competent jurisdiction, and the only court of competent jurisdiction, and is therefore res adjudicata."

"(2) To that portion of plaintiff's petition seeking to establish a lien against said property defendants say that said petition shows on its face that, if the plaintiff has ever had any cause of action, same has long since been barred by the three, four, and five year statutes of limitations, all of which are here specially pleaded."

[1] In reference to the first exception we sustain the action of the trial court. It clearly appears from the petition that the same indebtedness sought to be here established against the estate of W. H. Douglas, deceased, as evidenced by the note, was established against said estate by the judgment of November 16, 1926. That judgment was by a court of competent jurisdiction, all parties necessary to the suit being before the court, and is therefore res adjudicata of that portion of this suit which seeks to again establish the indebtedness in suit as one owing by said estate.

[2-6] The court erred in sustaining the second exception; that is, the limitations exception to the portion of the cause of action to subject and to establish and foreclose a statutory lien on the lands described in the gift deeds in payment of the indebtedness evidenced by the note and later by the judgment of November 16, 1926. Article 3314, Revised Statutes 1925, provides, in part, that:

"Whenever a person dies intestate, all * * * his estate shall vest immediately in his heirs, * * * but * * * subject in their hands to the payment of the debts of the intestate."

The article further provides that when an administrator of the estate of an intestate has been appointed "he shall recover possession of and hold such estate in trust to be disposed of in accordance with law." There is no specific statute of limitations fixing the time in which a suit under this article to sub--

ject property of an intestate in the hands of his executor, administrator, or heirs to the payment of intestate's debts will be barred, or when limitations will begin to run against that character of suit. This court held in the case of Langston v. Robinson (Tex. Civ. App.) 253 S. W. 660, that articles 5507 and 5508, Revised Statutes 1925, barring a suit to recover real estate, if not commenced within three years, are not applicable to a suit under article 3314, supra, to subject property of an intestate in the hands of his executrix to the payment of his debts, but that the only limitation applying in such a suit was a limitation against the claim or indebtedness itself. We still maintain that view. The heirs have no right of possession of an intestate's property after an administrator has been appointed. The administrator holds the property "in trust to be disposed of according to law." Therefore suits under article 3314 to subject the property of an intestate in the hands of his administrator or heirs to the payment of intestate's debts are not affected by any limitations of possession by such administrator or heirs so long as the debts of intestate remain unsatisfied, and the creditor's remedy for their collection is not lost under some applicable statute of limitations or by his laches. In other words, the only limitation applying to that portion of the suit is a limitation against the claim or indebtedness itself, or against the remedy for its collection. It is clear from the allegations of the petition that neither the note evidencing the indebtedness in suit, nor the judgment of November. 16, 1926, later evidencing the same indebtedness, was barred by any statutes of limitations applicable to any action or remedy thereon at the time appellant filed either its original petition or its amended original petition. The indebtedness in suit was evidenced by a note due July 20, 1923. The suit was filed May 4, 1926, and the amended petition filed March 11, 1927, and was therefore not barred by the four years' statute of limitations. The judgment of November 16, 1926, which later evidenced the same indebtedness, was not barred by any statutes of limitations applicable thereto; nor had it become dormant, but was, and is, a valid subsisting judgment against the estate of W. H. Douglas, deceased.

[7] Nor is that portion of the suit which sought to declare the fraudulent conveyances void as affecting the rights of appellant, a creditor of grantors, barred by either the three, four, or five years' statutes of limitations pleaded. Article 3996, R. S. 1925, declares conveyances of real or personal property made for the purpose of hindering, delaying, and defrauding creditors to be absolutely void as to such creditors. It also declares conveyances by deeds of gift prima facie fraudulent. Belt v. Raguet, 27 Tex. 478; Rutherford v. Carr, 99 Tex. 101, 87 S. W. 815,

which holds that a defrauded creditor under this article has his election of two remedies: That is, he may bring an action to set aside the fraudulent conveyance, or he may levy an execution upon the land fraudulently conveyed, in satisfaction of a judgment evidencing the defrauded creditor's indebtedness. In the cases cited the creditors availed themselves of the latter remedy; that is, they issued and levied execution, and sold the lands which had been fraudulently conveyed by their debtors, and in those cases the following rule of limitations was applied in favor of purchasers under the executions as against the fraudulent grantees:

"A fraudulent conveyance is declared void by the statute, as to the creditors of the fraudulent grantor. As a necessary consequence, no length of possession by the debtor has any effect upon the rights of the creditor, so long as his debt remains unsatisfied and his remedy for its collection is not lost by his laches; and as the fraudulent vendee gets no title against the creditor by the conveyance, he can only bar his recovery by such adverse possession as will give him title."

[8] There is no distinction on principle between the nature of the suit here and the suit in the Rutherford-Carr Case, supra. In that case the creditor caused an execution to be issued and levied upon the lands fraudulently conveyed, and the court announced the rule of limitations quoted in favor of the purchaser under the execution sale as against the prior fraudulent grantees of the debtor. In the instant case the creditor is simply seeking to first establish its right to issue and cause to be levied an execution on the property fraudulently conveyed and in the possession of the fraudulent grantees. Therefore in effect the character of the two suits is the same, and the rule of limitations quoted is applicable in this suit. Clearly appellant's suit is not one to set aside the fraudulent deeds; nor is it one to recover lands, and the three years' statutes of limitations applicable to suits of that nature are not applicable here.

In reference to when under this article of the statutes limitations does begin to run against the creditor and in favor of the adverse possession of the fraudulent grantee of debtor with notice of the fraud, the authority 12 R. C. L. 652, § 158, announces the following as "the better rule":

"Many cases hold that it begins to run when the grantee obtains possession, but the better rule is that the statute will not run until the right of action is complete, and whatever steps are necessary to make it complete have been taken, such as obtaining judgment and issuing execution."

Our courts have adopted "the better rule" above quoted as is shown by the following from the case of Stern v. Marx, 23 Tex. Civ. App. 439, 56 S. W. 93:

"It is, in effect, held in Reynolds v. Lansford, 16 Tex. 291, Compton v. Perry, 23 Tex. 423, and Martel v. Somers 26 Tex. 561, that limitation would commence to run against the creditor from the time that he obtained judgment on his demand, presumably upon the theory that from that time he is in a condition to enforce his claim by having issued an execution subjecting the property of his debtor to the judgment."

See, also, Connell v. Chandler, 13 Tex. 6, 62 Am. Dec. 545; Seawell v. Lowery, 16 Tex. 47; 12 R. C. L. 652, and cases there cited.

Appellant's petition shows on its face that no such limitation as provided by the "better rule" has run in favor of appellees or either of them.

[9] The five years' statutes of limitations (article 5509, R. S. 1925) are not applicable for the same reason that the three years' statutes of limitations are not applicable. But aside from that reason, the petition shows on its face that a period of five years had not elapsed from the time appellant had constructive notice of filing of the fraudulent deeds of conveyance, May 5 and July 10, 1921, and the date of the filing of its suit, May 4, 1926. Therefore the statute is not applicable as a matter of fact; the same cause of action on the same indebtedness being asserted by both appellant's original petition and its amended original petition, filed March 11, 1927.

For the reasons stated, the cause will be reversed and remanded for a trial on the merits.

Reversed and remanded.

### On Motion to Reform Judgment.

[10, 11] By motion to reform judgment appellant complains that the order reversing and remanding the cause "for a trial on the merits" is too indefinite, in that the issues to be tried are not specifically pointed out. The motion is without merit; but, in order to avoid any possible confusion, we hold that the only issue of fact to be determined is whether the lands conveyed by the gift deeds were conveyed in fraud of the grantors' creditors, including appellant, as alleged. If so conveyed, then the trial court shall decree them to be subject in the hands of either the heirs, representatives, or fraudulent grantees, or all of them, to the payment of the indebtedness owing by W. H. Douglas, deceased, to appellant, herein sued upon and evidenced by the note of July 20, 1922, and later by the judgment of November 16, 1926, establishing the said indebtedness in suit as one owing by the estate of said W. H. Douglas, deceased. The court shall order the statutory lien foreclosed and the land sold in satisfaction of the indebtedness in suit. The court may also order execution to issue on the judgment of November 16, 1926, establishing the indebtedness

in suit against the estate of W. H. Douglas, deceased, directing that it be levied upon the lands fraudulently conveyed (if they are found to have been so conveyed), and that the lands be sold thereunder in satisfaction of said judgment. Since the conveyances are not void as between the parties to the gift deeds, the decree directing the sale of the lands should provide that the sales price of the lands shall be first applied to the payments of costs of this suit and the indebtedness sued upon, and that the remainder, if any, shall be paid to the fraudulent grantees named in the deeds of gift involved in this suit.

[12] Appellees having admitted by their first demurrer, which the trial court sustained, that the debt in suit had been "established by a court of competent jurisdiction" as a debt owing by W. H. Douglas, deceased, appellant under our opinion is not required to make any further proof in that respect, and it would be an act of supererogation for the trial court to be called upon to hear proof and to again establish the indebtedness as one owing by the estate of W. H. Douglas, deceased.

With the above explanation of our holdings and the judgment herein, we overrule the motion to reform judgment.

Motion overruled.