### H. C. DAVIS ET AL. v. THOMAS JONES.

Decided May 9, 1903.

**1.—Trial of Right of Property—Levy—Waiver.**

Making the statutory claim and giving bond for the trial of the right of property that has been levied on under execution waives any objection to the manner of the levy. Rev. Stats., art. 5311.

**2.—Levy Upon Cattle—Joint Ownership—Possession.**

Where cattle jointly owned by defendant and another and in the possession of such other joint owner were levied upon under an execution against defendant by taking them into possession, instead of by giving notice to the party so in possession, such levy was not void. Rev. Stats., arts. 2349, 2352.

**3.—Trial of Right of Property—Caimant's Bond—Judgment Upon.**

Where claimants made a joint claim to property levied on, but established only that one of them was entitled to one-half of it, judgment was properly rendered on their claimant's bond in favor of the plaintiff in execution for the value of the other half, his debt being in excess of that value. Rev. Stats., art. 5307.

**4.—Same—Title.**

Evidence that defendant bought cattle in his own name and gave his notes for the deferred payments, and that after they were levied on under execution against him his wife and another party made a part payment on the notes, does not show that defendant had no interest in the property subject to execution.

Appeal from the District Court of Hardeman. Tried below before Hon. G. A. Brown.

*Duncan G. Smith* and *Theodore Mack,* for appellants.

*E. E. Diggs,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The cattle in controversy were levied on as the property of H. C. Davis under execution in favor of Thomas Jones, and were claimed by Mary B. Davis, wife of H. C. Davis, and Minnie Humphreys, her sister. The court found that Minnie Humphreys owned a half interest in the cattle, and, inasmuch as the execution debt exceeded the value of the cattle, gave judgment on the claimants' bond, which had been executed by Mary B. Davis and Minnie Humphreys as joint claimants, for one-half the value of the cattle. From that judgment the claimants have appealed.

Their brief contains six assignments of error, all grouped, however, as one assignment, and followed by four propositions. We will consider therefore only the propositions.

Of these, the first two raise the question, whether the court erred in rendering judgment on the claimants' bond after finding that one of the claimants owned a half interest in the property, the contention being that as this claimant was in possession as joint owner, the levy, which was made in the usual way by seizing the property, instead of by giving notice as provided in articles 2349 and 2352 of the Revised Statutes, was "null and void." But we do not so understand the law.

The manner of the levy was waived by appellants when they employed this speedy and informal method of testing their rights to the property. Rev. Stats., art. 5311. But if not, the levy was certainly not void, however irregularly made. They failed to establish the joint claim as made, which warranted a judgment on their bond. Rev. Stats., art. 5307. Whether they were entitled to the reduction made in the judgment from the whole to one-half the value of the property claimed, we need not consider. They were certainly entitled to no more. See Hamburg v. Wood, 66 Texas, 171. This also disposes of the third proposition.

The fourth and last proposition reads: "The judgment is contrary to the law and the evidence and utterly without evidence to support it, because the evidence shows that appellant, Minnie Humphreys, had paid $2471½ on the property; that the appellant, Mary B. Davis, had paid $240.62½ on the property out of separate funds, and H. C. Davis never paid anything on it, and therefore had no interest, and appellee, Thomas Jones, could not acquire any right in the property by virtue of the levy of his execution, if in fact there had been a legal levy."

It does not follow from the facts stated in this proposition that the court erred in holding that the property was subject to execution as the property of H. C. Davis. The bill of sale under which appellants deraigned title was made by J. A. Scarbrough to H. C. Davis, and the notes for the deferred payments were signed by H. C. Davis. A part of the money paid by Minnie Humphreys to Scarbrough and all the money paid by Mary B. Davis was paid on one of these notes after the levy on the cattle had been made. If, then, Mary B. Davis acquired any interest in the cattle as against appellee, her right could not have arisen from such payment. Nor do the facts stated in the proposition show that H. C. Davis had no interest in the cattle subject to execution. The issue of fraud in the transfer of the property from H. C. Davis to appellants was raised by the pleadings and also by the circumstances in evidence, but we are not required by this proposition to review the evidence on that issue. It is sufficient to hold that every fact stated in the proposition might be true, and yet the judgment be correct. It is therefore affirmed.

*Affirmed.*

Writ of error refused.