WATSON v. SCHULTZ.   (No. 6012.)

(Court of Civil Appeals of Texas. Austin. Jan. 25, 1919. Rehearing Denied Feb. 19, 1919.)

1. COURTS ⊂⊃121(1)—JURISDICTION—AMOUNT IN CONTROVERSY.

In proceeding in district court of Robertson county under Acts 35th Leg. c. 96, § 14, where the return did not show the value of property levied on, which plaintiff was claiming, but the sheriff made an indorsement upon the replevy bond given by plaintiff, stating that he assessed the value of the property at $222.50, and it was agreed that such was its value, court properly overruled a motion to dismiss, on the ground that the value of the property in controversy was less than $200.

2. EXECUTION ⊂⊃143 — LEVY — WHO MAY QUESTION VALIDITY.

Manner of levy on partnership property cannot be questioned by claimant, who is not a party to the partnership.

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. EXECUTION ⊚⟶143 — MANNER OF LEVY — WAIVER.

Manner of levy on personal property under execution is waived by a claimant, who executes a claimant's bond and takes possession.

4. EXECUTION ⊚⟶143 — MANNER OF LEVY — WAIVER—NOTICE.

A claimant of property levied on under execution, who executes a bond and takes possession, cannot complain that levy should have been made by giving notice, and not by actual seizure.

5. HOMESTEAD ⊚⟶83—LEASEHOLD.

A mere cropper has no such title to a crop as will support a plea of homestead.

6. JUDGMENT ⊚⟶256(2) — FINDINGS — CONFORMITY.

Where jury found that personalty sold to a creditor was worth considerably more than debt, and that the creditor was a bona fide creditor, court was not precluded from passing upon issue of constructive fraud, which was not submitted to the jury; court having defined "bona fide" as meaning "real."

7. FRAUDULENT CONVEYANCES ⊚⟶187—GOOD FAITH—CONSTRUCTIVE FRAUD.

A bona fide sale of personalty in payment of a debt was constructively fraudulent to extent of difference between debt and reasonable value of property, where creditor knew debtor was insolvent and debt was much less than value of property.

8. FRAUDULENT CONVEYANCES ⊚⟶269(1) — PLEADING—PROOF.

Under pleading charging that sale was in fraud of creditors, party was properly allowed to show that sale was constructively fraudulent to extent of difference between consideration paid and reasonable value of property, in that purchaser knew vendor was insolvent.

Appeal from District Court, Robertson County; H. S. Morehead, Judge.

Suit by Paul Schultz against H. E. Watson. Judgment for plaintiff, and defendant appeals. Affirmed.

W. M. Johnson and H. A. Bush, both of Franklin, for appellant.

Perry & Woods, of Franklin, for appellee.

KEY, C. J. Appellee concedes the correctness of the statement of the nature and result of this suit contained in appellant's brief, which is as follows:

"This was a suit in the district court of Robertson county, at the November-December term, 1917, under the statutory provisions for the trial of the rights of property, in which suit Paul Schultz (appellee) was plaintiff, and H. E. Watson (appellant) was defendant.

"On the 15th day of September, 1917, appellee was the judgment creditor of one J. R. Watson, in the sum of $253.08, which judgment was in the county court of Robertson county. On said date be caused to be issued out of said court a certain writ of execution, which was executed by Geo. W. Davlin, sheriff of Robertson county, by levying upon certain personal property as the property of the judgment debtor.

"After the levy of said execution, appellant filed his statutory affidavit as claimant of said property. The sheriff fixed appellant's bond at $450, which was duly executed, and which the sheriff accepted and approved.

"This cause was docketed in the name of Paul Schultz, Plaintiff, v. H. E. Watson, Defendant, in the district court of Robertson county, under an act of the Thirty-Fifth Legislature conferring all jurisdiction heretofore exercised by the county court of said county on the district court.

"Upon the trial of the case plaintiff pleaded in substance the following issues:

"That he was the owner of the aforesaid judgment, which he was entitled to collect out of any property of the judgment debtor subject to execution. That he caused to be issued the aforesaid execution and the levy made thereunder, and that the property seized was the property of the judgment debtor, subject to execution, and in his possession at the time of the levy. That appellant filed his claimant's oath and bond in statutory form. That his claim was based upon a false, simulated, and void transfer, made for the purpose of hindering, delaying, and defrauding creditors. That plaintiff therefore was entitled to recover against defendant and his sureties.

"Defendant answered by pleading in substance the following: A general demurrer; certain special exceptions and motions to quash; a specific denial of any fraudulent, simulated, or void transfer for the purpose of delaying and defrauding creditors. He pleaded affirmatively that the judgment debtor was justly indebted to him in the sum of approximately $270, and that he purchased said crop for the sole purpose of collecting his debt, and in addition assumed an outstanding mortgage debt against the crop in the sum of $150. He further pleaded a rent contract between one Z. P. Phillipps and J. R. Watson, the judgment debtor, which would create the relation of landlord and tenant, the latter being the tenant, and that on the date he purchased the crop the same was growing, immature, and was therefore, as a matter of law, exempt from forced sale. That, immediately after he purchased said crop, he went upon the premises, took charge of the same, and with his own labor, and at his own expense, harvested and marketed said crop.

"In answer to defendant's issues, plaintiff pleaded that the real value of the crop alleged to have been purchased was greatly in excess of the consideration alleged to have been paid, and was in fraud of the rights of plaintiff, who should recover of and from defendant and his sureties the excess, under the equitable rule of marshaling of assets.

"The case was tried before a jury, and was submitted by the court on special issues. The jury found that the sale of said crop was bona fide. But they found the intrinsic value of an individual one-half interest in and to said crop, on the 29th day of August, 1917, the date of the sale, to be $58.75 in excess of the consideration paid.

"The court entered judgment in favor of plain-

tiff and against defendant and his sureties on his bond in the sum of $58.75, together with statutory damages of 10 per cent. thereon, and together with all costs of suit.

"Appellant, within the proper time, filed his motion for new trial, complaining of the errors hereinafter shown. The motion was overruled. The case has been brought to this court by appeal duly perfected."

## Opinion.

[1] The first assignment of error complains of the action of the trial court in refusing to sustain appellant's motion to dismiss the cause upon the theory that the value of the property levied upon was less than $200, and therefore the trial court had no jurisdiction.

By legislative enactment, the district court of Robertson county was vested with jurisdiction of all cases of which the county court would otherwise have jurisdiction, and therefore, if the property in controversy was worth more than $200, the district court had jurisdiction. It may be conceded that, strictly speaking, the return of the sheriff did not show the value of the property; but he made an indorsement upon the replevy bond given by appellant, stating that he assessed the value of the property levied upon at $222.50, and it was agreed by the parties at the trial, as disclosed by the statement of facts, that such was its value. Therefore we hold that the court ruled correctly in overruling the motion to dismiss.

[2, 3] Appellant's second, third, and fourth assignments of error complain of the action of the court in refusing to sustain exceptions, and quash the levy made by the sheriff upon the property in controversy.

Replying to appellant's contention under those assignments, appellee submits two propositions, both of which are deemed by this court to be sound, and to sufficiently answer appellant's contention. These propositions are: (1) The manner of a levy upon partnership property cannot be brought in question by a claimant who is not a party to the partnership; (2) the manner of the levy on personal property is waived by claimant thereof, who executes a claimant's bond therefor, and takes possession of the same from the officer making the levy. Kessler v. Halff, 21 Tex. Civ. App. 91, 51 S. W. 48; Davis v. Jones, 32 Tex. Civ. App. 424, 75 S. W. 63; 17 Cyc. 1213.

[4] In the case at bar it it contended that the levy should have been made by giving notice, and not by actual seizure. Davis v. Jones, supra, seems to be directly in point, and the court there said:

"The first two [propositions] raise the question whether the court erred in rendering judgment on the claimants' bond after finding that one of the claimants owned a half interest in the property; the contention being that, as this claimant was in possession as joint owner, the levy, which was made in the usual way, by seizing the property, instead of by giving notice as provided in article 2349 * * * of the Revised Statutes, was null and void. But we do not so understand the law. The manner of levy was waived by appellants when they employed this speedy and informal method of testing their rights to the property."

The court submitted the case to the jury upon special issues, one of which required the jury to find whether, at the time in question, J. R. Watson was a tenant or a cropper, and the jury found that he was a cropper. The charge also gave to the jury substantially correct definitions of the terms "tenant" and "cropper," and there is testimony which supports the finding of the jury in that respect.

[5] While it has been held that a tenant or lessee has such title as will support a plea of homestead, and that a creditor has no right to have an execution or other process levied upon a growing crop on a homestead, it has also been held that such right of exemption does not apply to one who is a mere cropper, and therefore we overrule appellant's numerous assignments relating to that branch of the case. Webb v. Garrett, 30 Tex. Civ. App. 240, 70 S. W. 992; Ellis v. Bingham, 150 S. W. 602.

[6] While it is true that the jury found that appellant was a bona fide creditor of J. R. Watson at the time he took a bill of sale of all of his interest in the crop in question, they also found that at that time the property referred to was worth considerably more than J. R. Watson's indebtedness to appellant. The charge of the court defined the term "bona fide" as meaning real, and not a feigned condition or transaction, and therefore, when the jury found that appellant was a bona fide creditor of his brother, J. R. Watson, that finding did not preclude the court from passing upon the issue of fraud, which was not submitted to the jury.

[7, 8] Recitals in the judgment show that the court found that, although the sale and transfer from J. R. Watson to appellant was a bona fide sale, because of the fact that appellant had knowledge of the fact that J. R. Watson was wholly insolvent, and purchased the property for a consideration much less than its real value, such sale was a constructive fraud upon the rights of the plaintiff, to the extent of the difference between the consideration paid and the reasonable value of the property, and the court held that appellant was liable to appellee for the latter sum. Appellee charged in his pleading that the sale referred to was in fraud of the rights of creditors, and there was testimony which sustained the finding of the court referred to, and therefore we overrule appellant's assignments of error relating to that subject. Elser v. Graber, 69 Tex. 222, 6 S. W. 560; Halff v. Goldfrank, 49 S. W. 1095; Schuster v. Farmers' & Merchants' Nat. Bank, 23 Tex. Civ. App. 206, 54 S. W. 777, 55 S. W. 1121, 56 S. W. 93.

There are some other assignments of error

in appellant's brief, which relate to questions which we do not deem necessary to discuss in this opinion. All of the assignments have been considered, and are decided against appellant.

Judgment affirmed.

Affirmed.