## GILL et al. v. FIRST NAT. BANK OF HARLINGEN.

### No. 10242.

Court of Civil Appeals of Texas. San Antonio.

Feb. 9, 1938.

Rehearing Denied March 16, 1938.

Arthur Klein, of Harlingen, for appellants.

Myrick & Johnson, of Harlingen, for appellee.

MURRAY, Justice.

This is an appeal from a judgment of the district court of Cameron county, 103d judicial district, based upon a directed verdict against appellants, Florence Gill and her husband, D. H. Gill, in favor of appellee, First National Bank of Harlingen, Tex.

Appellee instituted this action against appellants and several other persons in the nature of a trespass to try title suit seeking to recover the title and possession of 20 acres of land situated in Cameron county, and described as the east 20 acres, more or less, of block No. 105, of the Harlingen Land & Water Company's original subdivision of its lands.

W. F. Gill was the record owner of 140 acres of land which included the 20 acres herein involved. Mrs. Mary C. Staats was the holder of an indebtedness secured by a deed of trust lien against this 140-acre tract. On March 4, 1930, E. L. Davis, the trustee named in the deed of trust, sold this land to appellee, at a proper trustee's sale, for a consideration of $18,510.92. On August 29, 1930, the bank accepted quitclaim deed from all the Gills, including appellants, to the entire 140 acres, and then, in turn, reconveyed the 20 acres herein involved to W. F. Gill, retaining a vendor's lien to secure the purchase money in the sum of $3,220.

Appellants contend that they were the owners of a one-half undivided interest in the 20 acres, and had established their homestead thereon. They further contend that the execution of the quitclaim deed to the entire 140 acres and the reconveyance of the 20 acres was a simulated transaction for the purpose of placing a lien upon their homestead and, therefore, void. They further contend that the bank, through its officers and agents, had notice of their homestead rights at the time of this simulated transaction.

Much of appellants' brief is devoted to an attack upon the quitclaim deed to the 140 acres and the reconveyance of the 20 acres, but we do not deem it necessary to pass on these matters for the reason that, if this transaction be set aside as a pretended transaction, then you have the appellee bank as the owner of the entire 140 acres of land by virtue of the trustee's deed from E. L. Davis, trustee, to appellee.

Appellants did not prove nor did they allege that Mrs. Mary C. Staats was not a holder, in due course, of the indebtedness against the 140 acres. When the bank became the purchaser at the trustee's sale, it became the owner of the title held by Mrs. Staats. The fact that the bank may have known through its officers, that appellants were claiming a homestead interest in the 20 acres would not prevent it from becom-

ing the fee-simple owner of the land, if its vendor had no such knowledge at the time she acquired the indebtedness and lien securing the same. When the bank became the purchaser at the trustee's sale, it stepped into the shoes of its vendor, Mrs. Staats.

In Harper v. Over, Tex.Civ.App., 101 S. W.2d 830, 832, it is said:

"We are of the opinion that one who purchases at a deed of trust sale, although he has notice of outstanding equities in a third party, acquires the property free thereof where the owner of the debt and lien is a bona fide mortgagee, for value, without notice of such outstanding equities, such as the mortgagee admittedly is in this case.

"We think such conclusion is required if effect is to be given to the authorities hereinafter discussed."

See, also, 66 C.J. § 1045, at page 1188.

The trial court properly instructed a verdict for appellee, and the judgment will therefore be affirmed.